

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 1 1 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | CIVIL ACTION FILE |
| versus. | § § | NO. _____ |
| Melanie Brownell, and Willard Emile Riddle, Jr., | § § § § | 1:03-CV-1955 |
| Defendants. | § § | |

**PLAINTIFF'S MANDATORY DISCLOSURES**

Pursuant to LR 26.1, Plaintiff respectfully submits the following Responses to the Mandatory Disclosures:

1.

State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what the Defendant did or failed to do and a succinct statement of the legal issues in the case.

*This is a cause of action by a Surety against its principal and an indemnitor for exoneration, indemnification, Quia Timet, collateral*

*security, and a temporary preliminary and permanent restraining order.*

*Plaintiff issued a $256,000.00 guardian's bond for Willard E. Riddle Jr.t as Guardian of the property of the Bibb County Georgia Probate Estate of Sadie Lucille Riddle. The Probate Court has cited Mr. Riddle for failure to file his annual return, suspicion of waste and mismanagment justifiably placing Plaintiff in great fear of a loss under its bond. Under the equitable doctrine of Quia Timet, such justifiable fear entitles Plaintiff to exoneration, collateral security, a temporary restraining order, preliminary restraining order, and a permanent injunction to assuage that fear.*

2.

Describe in detail all statutes, codes, regulations, legal principles, standards, and customs or usages and illustrative case law which Plaintiff contends are applicable in this action.

*The doctrines of both contractual and common law indemnity are well recognized, as evidence by various cases in Georgia, including particularly the decisions reached in Reliance Insurance Company v. Romine, 707 F. Supp. 550 (S.D. Ga. 1989), aff'd 888 F.2d 1344 (11th*

*Cir. 1989) and several others. This doctrine has been equally recognized in other federal courts including the decision in Myrtle Beach Pipeline Corp. v. Emerson Electric Company, 843 Fed. Supp. 1027, 1063 (D.S.C. 1993). See also Town of Winnsborro v. Wiedeman-Singleton, Inc., 398 S.E.2d 500, 503 (1990), aff'd 414 S.E.2d 118 (1992) and Fidelity and Deposit Company of Maryland v. Bristol Steel Ironworks, Inc., 722 F. 2d. 1160 (4th Cir. 1983). The principle of collateral security has also been addressed favorably for the surety by courts in a number of jurisdictions including, but not limited to, the decision in Safeco Insurance Company of America v. Schwab, 739 F. 2d. 431 (9th Cir. 1984); Safeco Insurance Company of America v. Criterion Insurance Corp., 732 F. Supp. 834, (E.D.Tenn. 1989); American Motorists Company v. United Furnace Company, Inc., 876 F. 2d. 293 (2d Cir. 1989); United Bonding Insurance Company v. Stein 273 F. Supp. 929 (E.D. Pa. 1967); Milwaukee Construction Co. v. Glens Fall Ins. Co., 367 F. 2d. 964, 966- 967 (9th Cir. 1966). Quia timet authorized the award of collateral security to surety in the cases of Doster v. Continental Casualty Co., 268 Ala. 123, 105 So.2d 83 (Ala., 1958), Ellis v. Phillips, 363 Mich. 587, 110 N.W. 2d 772 (Mich., 1961)*

*and Nat'l Ins. Company of Milwaukee, Wis. v. Alberts, 741 F. Supp. 424 (SDNY, 1990), rev'd on other grounds, 937 F.2d 77 (2nd Cir. 1991)*

3.

Provide the name, and if known, the address and telephone number of each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

*Lawrence Fish Hartford Insurance Company, Hartford Plaza T-4-101, Hartford, CT 06115*

*Melanie R. Brownell, 3875 Palisade Way, Snellville, Georgia 30039*

*Willard Emile Riddle, Jr., 4187 S. Fletcher Avenue, Fernandina Beach, FL 32034*

*Willard Emile Riddle, Jr. 1900 Amelia Court Apt 332 Fernandina Beach, FL 32034*

4.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R.Civ. P. 26 (a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness lists and written reports to Responses to Mandatory Disclosures as Attachment B.) [See also the supplementation of disclosure provisions in LR 26.1F.]

*No expert has been retained yet.*

5.

Provide a copy of or description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that are relevant to disputed facts alleged with particularity in the pleadings.

*These documents are attached to the complaint as exhibits. Surety anticipates use of documents filed in the Probate Court prior to this action and subsequent to this action.*

6.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, of which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material for inspection and copying as under Fed. R. Civ. P. 34 (Attach any copies and descriptions to Responses to Mandatory Disclosures as Attachment D.)

*The damages which may be claimed by Plaintiff are based upon the Indemnity Agreement which is attached to the Complaint, as well as the property which may have been wasted or mismanaged by Willard Emile*

*Riddle, Jr. as guardian of Sadie Lucille Riddle. The documents relating to these values can be found in the Bibb County Georgia Probate Court file of Sadie Lucille Riddle Estate Number 99PV29667. The values are identified in the Exhibits filed with Plaintiffs Complaint in this case, including but not limited to, the Inventories and Annual Returns filed by Defendant in the Bibb County Probate Court, and the $256,000.00 Bond issued by Plaintiff*

7.

Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

*Defendants Indemnity Agreement executed on January 23, 2002 is attached to the Complaint in this case as Exhibit "A."*

8.

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff=s cause of action and state the basis and extent of such interest.

*Plaintiff is not aware of any person or entity having a subrogation interest in its cause of action. Plaintiff has a subrogation interest in the Estate of Sadie Lucille Riddle to the extent of any payments it makes for breach of duty by Willard Emile Riddle by operation of Georgia law O.C.G.A. § 10-7-47.*

                                      Respectfully submitted,

                                      **BOVIS, KYLE & BURCH, LLC**

                                      By:   Timothy J. Burson, Esq.
                                               Georgia Bar No. 097414

53 Perimeter Center East  
Third Floor  
Atlanta, GA 30346-2298  
(770) 391-9100

**TIMOTHY J. BURSON, ESQ.**

June 17, 2003

**_Via First Class Mail and_**
**_Facsimile (770)972-4179_**
Melanie R. Brownell
3875 Palisade Way
Snellville, Georgia 30039

Re:  *Estate of Sadie Lucille Riddle, Incapacitate Adult*
     Probate Court of Bibb County, Georgia
     Docket No.: 99PV29667

Dear Ms. Brownell:

    This will confirm your telephone call to me on June 14, 2003. I thank you for the opportunity to discuss this case and for your very pleasant demeanor. As you observed from the letter from Judge Self dated June 11, 2003. I did appear in Court for the scheduled hearing. I was present during the telephone calls made by Judge Self from his chambers: specifically, the telephone call that he made to the cell phone number that you provided for your brother and the initial message left by Judge Self. When I returned to my office that afternoon, I received the letter from Judge Self to your brother, which I forwarded to you by facsimile transmission at (770)972-4179 on June 14, 2003.

    As we discussed, there are a number of things you brother needs to be concerned about in connection with his status report and returns to the Probate Court. The fact that the expenses incurred by your mother exceed her annual income will require that your brother also submit a petition to encroach upon the corpus of the Estate. In addition, given that there is real estate that your brother may need to sell in order to provide for the care and maintenance of your mother, I am enclosing a petition for leave to sell with this letter and a copy of the same to your brother. If the amount of the Estate has decreased, your brother may also file an petition to reduce the bond. We are enclosing a copy of this petition with his copy of this letter.

    As I discussed with you, you have an independent indemnity obligation to our client for the attorney's fees and expenses that it incurs as well as any loss that is paid to this Estate because of your brother's breach of duty. Even if the breach is merely administrative, both you and your brother are obligated to our client, Hartford. It is very important that (unless you receive prior Court approval) the repayment of these indemnity obligations not be from the funds owned by your mother's Estate. If Judge Self sees that you pay Hartford for the indemnity obligations owed for his breach of duty in failing to timely file accounting and in answering the citation to show cause, then Judge Self will disallow the returns and may enter a judgment against your brother for this amount. Your brother can always file a petition requesting approval of the payment of attorney's fees owed to your bonding company from the assets of the Estate. I seriously doubt that given the history of this file that Judge Self would grant

Melanie R. Brownell
June 17, 2003
Page 2

---

such permission. In any event, payment of the indemnity obligations from the assets of your mother's Estate without prior Court permission will likely place in motion a series of events that ultimately may cause your brother to be removed and/or issuance of a judgment against him by the Probate Court of Bibb County for the amount of unauthorized payment. The indemnity obligation fees incurred by Hartford need to be paid from his separate funds or from your separate funds.

As I stated, it is not our desire to unnecessarily monitor this matter. The only reason we appeared on June 11, 2003 was because the Court cited Hartford to appear and because prior to the hearing we did not receive the appropriate status report and return. We would like to avoid appearing at the hearing on June 24, 2003 if possible. Prior to that time we will need to receive the status report, the appropriate application to encroach for the amount of expenses which have exceeded your mother's income since January 16, 2001 and through the date of the latest return. In addition, through our review of the return we must be convinced that no unauthorized or inappropriate expenditures have been made and that no surcharge order is likely to be issued against your brother and our client. I trust that this letter, together with our discussion on June 14, 2003 clarifies any misunderstandings and as well, provides any necessary direction to your brother in fulfilling his obligations to the Probate Court of Bibb County.

Yours very truly,

Timothy J. Burson

TJB/tls
cc:   William Emile Riddle, Jr.
      Larry Fish [Claim No. 564S20344]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the within and foregoing has been furnished to all parties and/or counsel of record by depositing a copy of the same in the United States Mail with sufficient postage affixed thereon via first class mail, addressed as follows:

Willard Emile Riddle, Jr.  
4187 S. Fletcher Avenue  
Fernandina Beach, FL 32034

Willard Emile Riddle, Jr.  
1900 Amelia Court  Apt 332  
Fernandina Beach, FL 32034

Melanie R. Brownell  
3875 Palisade Way  
Snellville, Georgia 30039

**DATED** this the 3rd day of July, 2003.

_____  
Timothy J. Burson  
Georgia Bar No. 097414

**BOVIS, KYLE & BURCH, LLC**  
53 Perimeter Center East, Third Floor  
Atlanta, GA 30346  
(770) 391-9100  
**Attorneys for Plaintiff Hartford Fire Insurance Company**